UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **HOUSE OF BRYANT PUBLICATIONS, LLC**<br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF LAKE CITY, TENNESSEE; ROCKY TOP TENNESSEE MARKETING AND MANUFACTURING CO.; TIM ISBEL; BRAD CORIELL; MARK SMITH; MICHAEL LOVELY; and CARL "BUDDY" WARREN,**<br>**Defendants.** | **Civil No. 3:14-cv-93**<br>**District Judge Thomas Varlan**<br>**Magistrate Judge Bruce Guyton** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

The Developers should not be permitted to ignore this Court's briefing schedule and litigate this case at their own pace. Because the Developers' failure to adhere to the briefing schedule imposes unnecessary costs on House of Bryant and because the Developers' arguments are devoid of merit, their motion should be denied with costs.

## I. The Developers should not be entitled to supplement their response.

Although the Developers have had more than ample time to research and brief the issues before this Court, they now seek to supplement their response two and a half weeks after it was originally due.[1] House of Bryant did not oppose an extension of time following the Developers' failure to meet this Court's briefing schedule. (Dkt. # 60, Page ID 1166.) However, House of Bryant indicated that it would oppose any future motion "to file additional papers or supplemental briefing on behalf of the Developers." (Dkt. # 60, Page ID 1166.)

[1] Ironically, despite their inability to meet this Court's briefing schedule, the Developers seek attorneys' fees from this Court alleging that House of Bryant has caused undue delay.

The issues raised by the Developers in the instant motion were addressed by House of Bryant in its motion for injunctive relief (Dkt. # 54, Page ID 1025), were raised by the Developers in their response (Dkt. # 59, Page ID 1160), and were argued before the Court on October 6. Having been afforded an opportunity to address these issues on multiple occasions, the Developers should not now be permitted to have a fourth bite at the apple. However, if the Court grants the Developers' motion, House of Bryant's response is as follows.

## II. House of Bryant has standing to seek declaratory judgment.[2]

The Developers misconstrue both House of Bryant's position and the relevant law in their assertion that this case is not justiciable. [3] (Dkt. # 64-1, Page ID 1201.) Under the Declaratory Judgment Act, the issue is "whether the facts alleged, *under all the circumstances*, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (emphasis added, citations omitted). This case is not one premised upon "a hypothetical state of facts;" it involves the Developers' active and ongoing efforts to infringe House of Bryant's federally registered trademark. *Id.*

In *Geisha v. Tuccillo*, the case on which the Developers rely, a prospective restaurant owner sought federal registration of the name "Japonais" based on his intent to use the mark. 525 F. Supp. 2d 1002, 1006 (N.D. Ill. 2007). The owner had looked for a property to place the restaurant and "play[ed] around with a menu," but had no specific locations in mind, was not

[2] Because House of Bryant has addressed the justiciabilty of its claims in its "Memorandum in Support of Plaintiff's Motion for Injunction Pending Appeal Based on New Facts," this memorandum will address only the new authority that the Developers have cited. (Dkt. 54, Page ID 1025-30.)

[3] The Developers emphasize that one of the many cases House of Bryant cites in support of the justiciability of this case, *Advantas Capital Management v. Aetna*, 2006 WL 2916840 (D. Minn. 2006), is unreported. Although this Court's Local Rules do not require it, House of Bryant has attached the unreported case as Exhibit A for the Court's and counsel's convenience.

using a real estate agent, and had no timeframe for opening a restaurant. *Id.* at 1015-16. He had filed four requests for a six-month extension of time to file a Statement of Use. *Id.* at 1008. Although he owned property suitable for a restaurant, he rented it out and seemingly "abandoned that plan." *Id.* at 1016. Reasoning that the allegedly infringing activity lacked "sufficient immediacy and reality," the Court concluded that no case or controversy existed. *Id.* at 1018.

Unlike the hoped-for restaurant in *Tuccillo*, which may never have been opened, the Developers' efforts to distribute infringing goods are immediate, ongoing, and real. The Developers have taken significant steps towards infringing the ROCKY TOP Mark including inducing the City to change its name, filing Intent to Use Applications bearing the infringing mark, entering into licensing agreements with third party distributors, and designing infringing goods. Marc Nelson Denim has even begun printing shirts bearing the ROCKY TOP mark, some of which include an orange background. (Exhibit B.) This is not a case in which the harm may or may not occur as in *Tucillo*. Here, the Developers have undertaken substantial efforts to infringe the ROCKY TOP Mark.

**III. House of Bryant holds a valid registered trademark in ROCKY TOP.**

Despite acknowledging that they have seen "various t-shirts and other items . . . licensed by the University of Tennessee" (Dkt. # 59-1, Page ID 1163), the Developers now renew their erroneous assertion that House of Bryant has not established rights in the ROCKY TOP Mark. Considering that the mark is federally registered (Dkt. # 1-4, Page ID 40), the licensing agreement with the University of Tennessee is part of the record (Dkt. # 35-3, Page ID 716), and the Developers admit to seeing goods licensed by House of Bryant (Dkt. # 59-1, Page ID 1163), the Developers' argument that ROCKY TOP has not been used in commerce is ridiculous. Through the University of Tennessee, the ROCKY TOP Mark has been licensed to 29 additional

manufacturers, distributors, and retailers in 19 states. (Exhibit C.) A reasonable inquiry into the facts of this case, or even a reading of Tim Isbel's own affidavit, would have revealed the Developers' argument to be laughable.

**IV. Conclusion.**

The Developers' poorly reasoned, untimely, and frivolous motion should be denied, and they should be responsible for the unnecessary costs that House of Bryant has had to incur in responding to it. The Developers are not entitled to disregard this Court's scheduling orders at their own convenience to the detriment and expense of House of Bryant.[4] Their motion repeats the same rants raised twice before in their responses and before this Court during the October 6 hearing. The Developers' active and ongoing efforts to license, manufacture, and distribute infringing goods makes the harm to House of Bryant real and immediate.

Respectfully submitted on October 13, 2014,

**WADDEY & PATTERSON, P.C.**

By: /s/ John F. Triggs
John F. Triggs (BPR # 026718)
Ryan D. Levy (BPR # 024568)
WADDEY & PATTERSON, PC
Roundabout Plaza
1600 Division Street, Suite 500
Nashville, TN 37203
T: (615) 242-2400
F: (615) 242-2221
jft@iplawgroup.com
rdl@iplawgroup.com

*Attorneys for House of Bryant Publications, LLC.*

[4] While also plainly ignoring House of Bryant's rights with their Federal trademark registrations.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2014, the foregoing document was filed with the Clerk of the Court for the U.S. District Court for the Eastern District of Tennessee using the Court's CM/ECF system, which will send notification of such filing to counsel for all parties of record.

/s/ John F. Triggs
John F. Triggs (BPR # 026718)
WADDEY & PATTERSON, PC
Roundabout Plaza
1600 Division Street, Suite 500
Nashville, TN 37203
T: (615) 242-2400
F: (615) 242-2221
jft@iplawgroup.com