**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | |
|---|---|
| **HOUSE OF BRYANT PUBLICATIONS, LLC**<br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF LAKE CITY, TENNESSEE; ROCKY TOP TENNESSEE MARKETING AND MANUFACTURING CO.; TIM ISBEL; BRAD CORIELL; MARK SMITH; MICHAEL LOVELY; and CARL "BUDDY" WARREN,**<br>**Defendants.** | **Civil No. 3:14-cv-93**<br>**District Judge Thomas Varlan**<br>**Magistrate Judge Bruce Guyton** |

**PLAINTIFF HOUSE OF BRYANT'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff House of Bryant Publications, LLC ("House of Bryant") respectfully moves this Court for leave to file a Supplemental Complaint. House of Bryant seeks leave to file a supplemental complaint due to the additional infringing activity of Rocky Top Tennessee Marketing and Manufacturing Co., its principals, and the City of Lake City since the filing of the Complaint in 2014. Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

## I. Facts and Procedural History

As set forth in the attached Supplemental Complaint (Attachment 1), following the Court's denial of House of Bryant's Motion for Preliminary Injunction (Dkt. # 45), there have been significant factual and procedural developments in this case.

### A. Procedural History

House of Bryant's initial complaint and motion for preliminary injunction alleged multiple claims for relief, including requests for declaratory judgment establishing likelihood of confusion and/or trademark infringement and declaratory judgment establishing likelihood of dilution. (D.E. 1, pp. 13, 20; D.E. 3-1, p. 9, n. 2.) On May 28, 2014, the Court denied House of Bryant's Motion for Preliminary Injunction. (D.E. 45.) House of Bryant timely appealed. (D.E. 46.) Because the City's name change was imminent, House of Bryant sought an injunction pending appeal. (D.E. 47.) Following a hearing, the Court denied House of Bryant's request for injunctive relief and issued a Memorandum Opinion on July 2, 2014. (D.E. 52.)

While the appeal was pending, House of Bryant learned of the Developers' attempts to commercially exploit trademarks bearing the name "Rocky Top," despite those defendants' representations that they would not do so. To prevent this irreparable harm during the pendency of litigation, House of Bryant sought an indicative ruling from the Court stating that it would grant an injunction if the Court of Appeals for the Sixth Circuit remanded for that purpose. (D.E. 53.) The Court held a hearing on October 3, 2014. (D.E. 55.) On October 22, 2014, the Court issued a Memorandum Opinion and Order indicating that it would grant the requested relief if the Sixth Circuit remanded for that purpose. (D.E. 68.) In granting House of Bryant's motion, the Court assumed "that plaintiff would seek leave to file a supplemental complaint with the new facts asserted in the present motion." (D.E. 68, p. 8.)

On October 28, 2014, House of Bryant sought a limited remand from the Sixth Circuit. (6th Cir. D.E. 33-1.) On March 25, 2015, the Sixth Circuit granted House of Bryant's motion,

held the appeal in abeyance, and remanded to this Court for further proceedings. (6th Cir. D.E. 43-1.)

**B. The Developers' actions since the filing of the Complaint.**

As the Court is aware, following the Court's denial of House of Bryant's Motion for a Preliminary Injunction, the Developer Defendants have undertaken significant new steps to infringe the ROCKY TOP Mark.[1] The Developer Defendants have filed a number of "intent to use" applications for trademarks containing the phrase "Rocky Top." They licensed some of those marks for manufacturing and distribution to a third party distributor, Marc Nelson Denim. Marc Nelson Denim began printing shirts. These new registrations and the licensing agreement directly compete with the goods for which the ROCKY TOP Mark is registered. (D.E. 54-11.) The Developers have also registered the domain name "www.ShopRockyTop.com."

In addition to these attempts to commercially exploit trademarks incorporating the name "Rocky Top," the Developers' actions have become increasingly indistinguishable from the City's. For instance, the Developer Defendants have seemingly designed a logo for the new Rocky Top Fire Department. The Rocky Top Police Department has begun using a similarly styled logo. Promotional materials for the City's Fourth of July celebration featured the same animated characters depicted in the Developers' Business Plan. Those same materials include a Cookie Contest for "Rocky Top Cookies." The winner of the contest, judged by Brad Coriell and others, will have their cookies "marketed in 'Rocky Top' and the surrounding areas for 1 year." Profits are to be donated to schools in the City.

[1] Many of those actions are outlined in detail in House of Bryant's Memorandum in Support of its Motion for Injunction Pending Appeal Based on New Facts. (Dkt. # 54)

### C. The City's actions since the filing of the Complaint

The City has officially changed its name from "Lake City" to "Rocky Top" and has been using that name in connection with myriad services. It has changed all of the signage in the City to reflect the new name including, for example, on City Hall, police cars, fire trucks, the public library, and highway exit signs. Further blurring the line between the Developer Defendants and the City, at the meeting in which the City changed its name, it permitted individuals to sell orange t-shirts bearing the exact same "Home Sweet Home" Rocky Top Tennessee trademark for which the Developers sought registration. The City has also used the name "Rocky Top" in connection with entertainment events. For instance, the city hosted a Fourth of July celebration featuring fireworks and live music under the name "Rocky Top."

The City's most blatant effort to trade off the value of its new name has been the "Rocky Top Bluegrass Festival." In an effort to promote tourism and capitalize on its new name, the City is sponsoring a music festival featuring Bobby Osborne and the Rocky Top X-Press. Promotional materials for the event prominently display the name "ROCKY TOP TENNESSEE" across the top and feature the City's seal depicted on a banjo. The city has set up an account with an online ticket broker, Ticket Leap, in order to sell tickets to this event. The website at which tickets are sold promotes "pickin', singin', and dancin' in Good Ole' Rocky Top, Tennessee!" The City is also selling tickets at City Hall and various local businesses. Furthermore, the City has obtained several radio station sponsors for the event.

## II. <u>The Court should grant leave to file a Supplemental Complaint.</u>

Because significant events have occurred since the filing of the complaint and will dramatically affect the disposition of this case, including its justiciability, this Court should exercise its discretion and grant House of Bryant leave to file a Supplemental Complaint.

Whether to grant leave to file a supplemental pleading is "within the discretion of the trial court and, as a general rule, applications for leave to file a supplemental pleading are normally granted." *Brian A. v. Bredesen*, 2009 WL 4730352, at *1 (M.D. Tenn. 2009) (citing *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 362 (W.D. Tenn. 1999)). In deciding whether to allow a plaintiff to supplement its complaint, courts consider six factors: "(1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile." *Id.* (citing *Bromley v. Michigan Education Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998)).

First, House of Bryant has not unduly delayed in bringing the instant motion. The Sixth Circuit granted a limited remand on March 25, 2015. (6th Cir. D.E. 43-1.) House of Bryant now seeks leave to file a supplemental complaint less than a week later. Nor has there been a lack of notice to adverse parties. The defendants were on notice that House of Bryant may seek to supplement its complaint as early as October 22, 2014 when the Court assumed "that plaintiff would seek leave to file a supplemental complaint with the new facts asserted in the present motion." (D.E. 68, p. 8) Additionally, House of Bryant is not acting out of bad faith and has not yet amended its pleadings. There is no indication that any of the Defendants would be unfairly prejudiced by supplementation because this case is in its infancy. Finally, an amendment would not be futile. As the Court acknowledged, a supplemental complaint is required to cure jurisdictional deficiencies as to the claims against the Developer Defendants. Supplementation is also required to place the City on notice of the bases for House of Bryant's claims that have arisen after the filing of the original complaint.

## III. <u>Conclusion</u>

House of Bryant respectfully requests leave to file a Supplemental Complaint so that the pleadings can reflect the current bases for House of Bryant's claims. This lawsuit was initiated over a year ago and in that time each of the Defendants has continued to use House of Bryant's trademarked phrase, "Rocky Top." These new uses must be included in a Supplemental Complaint to cure the justiciability issues the Court identified in its Order denying a preliminary injunction. Moreover, since the Complaint was filed, the City has put its new name to use in providing municipal services and planning entertainment events. Because these new allegations are important aspects of House of Bryant's case against the City, they should be reflected in the pleadings.

Respectfully submitted,

**Patterson Intellectual Property Law, P.C.**

By: /s/ Ryan D. Levy
John F. Triggs (BPR # 026718)
Ryan D. Levy (BPR # 024568)
Patterson Intellectual Property Law, P.C.
Roundabout Plaza
1600 Division Street, Suite 500
Nashville, TN 37203
T: (615) 242-2400
F: (615) 242-2221
jft@iplawgroup.com
rdl@iplawgroup.com

*Attorneys for House of Bryant Publications, LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2015, the foregoing document was filed with the Clerk of the Court for the U.S. District Court for the Eastern District of Tennessee using the Court's CM/ECF system, which will send notification of such filing to counsel for all parties of record.

/s/ Ryan D. Levy