UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOUSE OF BRYANT PUBLICATIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:14-CV-93-TAV-HBG |
| | ) |
| CITY OF LAKE CITY, TENNESSEE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PRELIMINARY INJUNCTION ORDER**

On May 28, 2014, the Court denied plaintiff's motion for a preliminary injunction [Doc. 45], which requested that the Court enjoin the City of Lake City, Tennessee, from changing its name to "Rocky Top," enjoin all defendants from pursuing or supporting efforts pertaining to the City's name change, and prohibit development of plans for an amusement park or other development trading on the name "Rocky Top" until such time the Court may determine the rights of the parties in this action. In doing so, the Court addressed the motion separately with respect to the City and the developer defendants (Rocky Top Tennessee Marketing and Manufacturing Co., Tim Isbel, Mark Smith, Michael Lovely, and Brad Coriell). In denying the motion against the City, the Court determined that the City would not likely be using plaintiff's "ROCKY TOP" marks in commerce. In denying the motion against the developer defendants, the Court determined that plaintiff likely did not have standing to assert its trademark claims

against the developer defendants and that plaintiff's trademark claims against the developer defendants were not likely ripe. In making that decision, the Court relied upon the developer defendants' assertions that they did not have any plans to use, sell, or otherwise infringe upon plaintiff's marks.

Plaintiff subsequently filed a notice of appeal of the decision denying the motion for a preliminary injunction [Doc. 46], and on the next day, plaintiff filed another motion for injunctive relief with this Court, which sought to enjoin the City from changing its name to "Rocky Top" pending the decision of the United States Court of Appeals for the Sixth Circuit [Doc. 47]. The Court promptly heard that motion, as plaintiff filed the motion approximately twenty-four hours before the City was scheduled to vote on the name change, and denied it [Docs. 50, 52].

Approximately two months later, plaintiff filed a motion for injunction pending appeal based upon new facts, pursuant to Rule 62.1 of the Federal Rules of Civil Procedure and Rule 12.1 of the Federal Rules of Appellate Procedure [Doc. 53]. On October 22, 2015, the Court issued a memorandum opinion and order addressing that motion, in which the Court indicated it would grant the motion for injunctive relief, to a certain extent, if the Sixth Circuit were to remand for that purpose [Doc. 68; *see also* Doc. 69]. The Sixth Circuit has since issued a remand order [Doc. 79].

In its memorandum opinion and order, the Court stated it would enjoin the developer defendants, as well as Rocky Top Tennessee Marketing and Manufacturing Co.'s officers, agents, servants, employees, and attorneys, from using "Rocky Top" as a

2

trademark on goods or services [Doc. 68 p. 31–32]. In opining that it would issue such an injunction, the Court assumed that plaintiff would seek leave to file a supplemental complaint with the new facts that served as the basis for the motion for injunctive relief [*Id.* at 8]. After the Sixth Circuit issued its remand order, plaintiff moved to file a supplemental complaint [Doc. 80], and the Court granted that request [Doc. 82].

Accordingly, and for the reasons articulated in the Court's memorandum opinion and order entered on October 22, 2015 [Doc. 68; *see also* Doc. 69], the Court hereby **GRANTS** Plaintiff's Motion for Injunction Pending Appeal Based on New Facts [Doc. 53] and **ENJOINS** Tim Isbel, Brad Coriell, Mark Smith, Michael Lovely, and Rocky Top Tennessee Marketing and Manufacturing Co., as well as Rocky Top Tennessee Marketing and Manufacturing Co.'s officers, agents, servants, employees, and attorneys, from using "Rocky Top" as a trademark on goods or services.

Rule 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Yet, "the rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security." *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995). Upon review of the record, and given the Court's analysis of the potential

harm to defendants in its memorandum opinion and order [Doc. 68 p. 29–30], the Court finds that the posting of security is not appropriate in this case.

    IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        CHIEF UNITED STATES DISTRICT JUDGE