UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| HOUSE OF BRYANT PUBLICATIONS, LLC | ) | Civil No.: 3:14-cv-00093 |
|     *Plaintiff*, | ) | District Judge Thomas Varlan |
| | ) | Magistrate Judge Bruce Guyton |
| v. | ) | |
| | ) | |
| CITY OF LAKE CITY, TENNESSEE; | ) | |
| ROCKY TOP TENNESSEE MARKETING | ) | |
| AND MANUFACTURING CO.; TIM ISBEL; | ) | |
| BRAD CORIELL; MARK SMITH; MICHAEL | ) | |
| LOVELY; and CARL "BUDDY" WARREN, | ) | |
|     *Defendants*. | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST SUPPLEMENTAL COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff House of Bryant Publications, LLC ("House of Bryant" or "Plaintiff") files this First Supplemental Complaint, which alleges the occurrence of facts after the original complaint was filed. This supplemental complaint incorporates all allegations made in the original Complaint, found at D.E. 1.

### PARTIES

1. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 1-11 of its Complaint, found at D.E. 1.

### JURISDICTION AND VENUE

2. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 12-14 of its Complaint.

3. Pursuant to 28 U.S.C. § 2201(a), this Court has jurisdiction to grant declaratory judgment because the defendants' conduct has created an "actual controversy" within the

1

meaning of the Declaratory Judgment Act and a "case or controversy" under Article III of the United States Constitution.

## FACTS

4. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in paragraphs 15 – 189 of its Complaint.

*The City's recent actions*

5. On June 26, 2014, Defendant City of Lake City, Tennessee (the "City") approved its name change to "Rocky Top, Tennessee."

6. At the conclusion of the city council's vote to change its name, the city permitted t-shirts to be sold bearing the words "Home Sweet Home" and "ROCKY TOP TENNESSEE" on an orange background. (Exhibit A.)

7. These t-shirts displayed the "Home Sweet Home" Rocky Top Tennessee trademark for which the Rocky Top Marketing and Manufacturing Co. and its principals (the "Developers" or "Developer Defendants") sought registration.

8. The City has changed all or substantially all of its signage to replace the name "Lake City" with "Rocky Top."

9. The City uses the name "Rocky Top" in connection with its police department.

10. The City displays the name "Rocky Top" on the side of its police cars. (Exhibit B.)

11. The City uses the name "Rocky Top" in connection with its fire department.

12. The City displays the name "Rocky Top" on the side of its fire trucks. (Exhibit C.)

13. The City uses the name "Rocky Top" in connection with its public library.

14. The City displays the name "Rocky Top" on its public library building. (Exhibit D.)

15. The City's public library has sold t-shirts bearing the name "Rocky Top Public Library." (Exhibit E.)

16. The City has changed the highway exit signs to display the name "Rocky Top." (Exhibit F.)

17. The City has begun providing services to its citizens under the name "Rocky Top."

18. The City hosted a Fourth of July celebration under the name "Rocky Top."

19. This Fourth of July celebration featured live music and fireworks.

20. Promotional materials for the Fourth of July celebration prominently displayed the name "Rocky Top." (Exhibit G.)

21. On information and belief, the Developer Defendants designed promotional materials for the Fourth of July celebration.

22. By promoting the Fourth of July celebration under the name "Rocky Top," the City sought to attract tourists.

23. By promoting the Fourth of July celebration under the name "Rocky Top," the City made a commercial use of the name "Rocky Top."

24. By promoting the Fourth of July celebration under the name "Rocky Top," the City used the name "Rocky Top" in connection with services.

25. The Fourth of July celebration featured a cookie contest for "Rocky Top Cookies."

26. Brad Coriell was one of the judges for the cookie contest.

27. The winner of the cookie contest would have their cookies marketed in the City and the surrounding areas for one year.

28. By promoting Rocky Top Cookies, the City engaged in a commercial use of the name "Rocky Top."

29. The City is hosting a music festival entitled the "Rocky Top Bluegrass Festival."

30. The City plans to host the Rocky Top Bluegrass Festival annually.

31. The Rocky Top Bluegrass Festival will feature Bobby Osborne and the Rocky Top X-Press.

32. The City chose to feature Bobby Osborne and the Rocky Top X-Press at the Rocky Top Bluegrass Festival.

33. The Rocky Top Bluegrass Festival is a ticketed event.

34. Friday Only tickets to the Rocky Top Bluegrass Festival cost $25.00.

35. Saturday Only tickets to the Rocky Top Bluegrass Festival cost $35.00.

36. Friday and Saturday Combo tickets to the Rocky Top Bluegrass Festival cost $50.00.

37. The Rocky Top Bluegrass Festival will feature arts and crafts as well as food vendors.

38. Spaces for arts and crafts booths cost $50.00.

39. Spaces for food vendors cost $100.00.

40. The City has opened an account with an online ticket broker for the purpose of selling tickets.

41. The City sells tickets to the Rocky Top Bluegrass Festival at city hall.

42. Promotional materials for the Rocky Top Bluegrass Festival prominently display the words "ROCKY TOP TENNESSEE" across the top. (Exhibit H.)

43. Promotional materials for the Rocky Top Bluegrass Festival display the City's seal.

44. The webpage on which the City sells tickets refers to the City as "Good Ole' Rocky Top, Tennessee."

45. By hosting a bluegrass festival, the City sought to create a false association with the ROCKY TOP Mark.

46. By referring to itself as "Good Ole' Rocky Top, Tennessee," the City sought to create a false association with the ROCKY TOP Mark.

47. By promoting the bluegrass festival, the City has made a commercial use of the name "Rocky Top."

48. The City has partnered with various radio stations to promote the Rocky Top Bluegrass Festival.

49. By charging money for tickets to the Rocky Top Bluegrass Festival, the City has made a commercial use of the name "Rocky Top."

50. By charging money for vendors to sell arts, crafts, and food at the Rocky Top Bluegrass Festival, the City has made a commercial use of the name "Rocky Top."

51. On information and belief, the City plans to continue using the name "Rocky Top" to promote recreational events in the City.

52. On information and belief, the City is collecting and will continue to collect revenue under the name "Rocky Top" though taxes, court fees, police tickets, and other means.

53. By collecting revenue under the name "Rocky Top," the City has made a commercial use of the name "Rocky Top."

*The Developers' recent actions*

54. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1-53 above.

55. On June 29, 2014, Tim Isbel, on behalf of Rocky Top Tennessee Marketing and Manufacturing Co., filed an "intent-to-use" application (Serial Number 86/323,650) with the U.S. Patent & Trademark Office for federal registration of the trademark "'Home Sweet Home' Rocky Top Tennessee." The mark that is the subject of this application consists of an orange

background with "Home Sweet Home" and TENNESSEE in white and ROCKY TOP in black letters outlined in white. (D.E. 54-3)

56. The University of Tennessee, one of Plaintiff's licensees, routinely distributes goods and services that feature or are identified by the color orange.

57. As a result of Plaintiff's licensing agreement with the University of Tennessee, the ROCKY TOP Mark is frequently depicted on goods that incorporate the color orange.

58. By utilizing the color orange, Defendants sought to create a false association with the ROCKY TOP Mark and the University of Tennessee.

59. By using the phrase "Home Sweet Home" Defendants sought to create a false association with the ROCKY TOP Mark.

60. On June 30, 2014, Tim Isbel, on behalf of Rocky Top Tennessee Marketing and Manufacturing Co., filed an "intent-to-use" application (Serial Number 86/323,770) with the U.S. Patent & Trademark Office for federal registration of the trademark "PROUD TO BE A ROCKY TOP MINER EST. 2014." The mark that is the subject of this registration contains an orange background and the words "ROCKY TOP" in bold black letters with white outlining each letter. (D.E. 54-4)

61. On August, 15, 2014, Tim Isbel, on behalf of Rocky Top Tennessee Marketing and Manufacturing Co., filed an "intent-to-use" application (Serial Number 86/368,604) with the U.S. Patent & Trademark Office for federal registration of the trademark "ROCKY TOP BEER." (D.E. 54-5)

62. On August 16, 2014, Tim Isbel, on behalf of Rocky Top Tennessee Marketing and Manufacturing Co., filed an "intent-to-use" application (Serial Number 86/368,612) with the

U.S. Patent & Trademark Office for federal registration of the trademark "Rocky Top TN MoonShine No. 37769." (D.E. 54-6)

63. On August, 22, 2014, Tim Isbel, on behalf of Rocky Top Tennessee Marketing and Manufacturing Co., filed an "intent-to-use" application (Serial Number 86/374,892) with the U.S. Patent & Trademark Office for federal registration of the trademark "ROCKY TOP TN." (D.E. 54-7)

64. On August 22, 2014, Tim Isbel, on behalf of Rocky Top Tennessee Marketing and Manufacturing Co., filed an "intent-to-use" application (Serial Number 86/374,998) with the U.S. Patent & Trademark Office for federal registration of the trademark "ROCKY TOP TENNESSEE." (D.E. 54-8)

65. On August 29, 2014, Tim Isbel, on behalf of Rocky Top Tennessee Marketing and Manufacturing Co., filed an "intent-to-use" application (Serial Number 86/380,685) with the U.S. Patent & Trademark Office for federal registration of the trademark "Rocky Top TN 37769." (D.E. 54-1)

66. On August 29, 2014, Tim Isbel, on behalf of Rocky Top Tennessee Marketing and Manufacturing Co., filed an "intent-to-use" application (Serial Number 86/380,588) with the U.S. Patent & Trademark Office for federal registration of the trademark "ROCKY TOP TN 37769." (D.E. 54-10.)

67. Tim Isbel, on behalf of Rocky Top Tennessee Marketing and Manufacturing Co., filed "intent-to-use" applications with the U.S. Patent & Trademark Office for federal registration of marks containing the words "Rocky Top" for eight classes of goods or services. Plaintiff holds federal trademark registrations for ROCKY TOP in each of these eight classes of goods or services. (D.E. 54-11.)

68. On September 8, 2014, Rocky Top Tennessee Marketing and Manufacturing Co. announced that it had entered into a licensing agreement with a Knoxville-based denim brand, Marc Nelson Denim. Under this agreement, Marc Nelson Denim would become the exclusive licensee of Rocky Top, Tennessee apparel and souvenirs. (D.E. 54-12.)

69. Marc Nelson Denim, pursuant to the licensing agreement and in conjunction with Rocky Top Tennessee Marketing and Manufacturing Co., has produced sample shirts that say "ROCKY TOP TN 37769." Some of these shirts feature an orange background. (D.E. 66-2.)

70. To sell goods bearing the name "Rocky Top," the Develop Defendants have registered the domain name "www.ShopRockyTop.com."

71. On information and belief, the Developer Defendants designed a logo for the City of Rocky Top Fire Department. (Exhibit I.)

72. On information and belief, the Developer Defendants designed a logo for the City of Rocky Top Police Department. (Exhibit J.)

73. The sale of goods and/or services by the Developers in association with the marks in the eight trademark applications described above is likely to cause confusion with one or more of House of Bryant's validly registered trademarks.

## RE-ALLEGATION OF CLAIMS

74. The facts alleged above support, strengthen, and underpin the claims and counts alleged against Defendants in the original complaint.

75. By entering into a licensing arrangement with a clothing distributor and distributing items marked with the words ROCKY TOP, the Developer Defendants are infringing one or more of House of Bryant's trademark rights.

76. By entering into a licensing arrangement with a clothing distributor and distributing items marked with the words ROCKY TOP, the Developer Defendants are conducting unfair competition in violation of House of Bryant's rights.

77. In addition to the nine trademark registrations that House of Bryant already alleged it owns, House of Bryant also owns two other trademark registrations.

78. House of Bryant owns the trademark registration for the mark ROCKY TOP VILLAGE INN in International Class 43 for hotel and motel services. (Exhibit K.)

79. House of Bryant owns the trademark registration for the mark ROCKY TOP in International Class 43 for hotel and motel services. (Exhibit K.)

## CLAIMS

80. House of Bryant hereby incorporates, repeats, and re-alleges all counts and claims made in its original complaint. Without omitting any previously made claims, House of Bryant hereby alleges or re-alleges the following claims.

## COUNT XV:

## TRADEMARK INFRINGEMENT

81. Plaintiff hereby re-alleges and incorporates by reference the allegations of all preceding paragraphs of this Supplemental Complaint.

82. Plaintiff owns multiple trademark registrations incorporating the words ROCKY TOP.

83. Plaintiff's trademark registrations are valid and enforceable.

84. Defendant Lake City has infringed and continues to infringe Plaintiff's trademarks.

85. Defendant Lake City's use of ROCKY TOP on and in conjunction with city services, city property, and other uses (including, as already alleged, the extensive plans and efforts to develop

theme parks, festivals, and other events and the use of ROCKY TOP on consumer goods) are likely to confuse consumers as to the origins of the goods and/or services offered by Lake City.

86. The Developer Defendants have infringed and continue to infringe Plaintiff's trademarks.

87. The Developer Defendants' attempts and offers to sell, license, and otherwise develop products and services bearing or incorporating the words ROCKY TOP (including, as already alleged, the extensive plans and efforts to develop theme parks, festivals, and other events and the efforts to license to Marc Nelson Denim) are likely to confuse consumers as to the origins of the Developer Defendants' goods and/or services.

88. All Defendants' actions were willful and exceptional in light of their knowledge and notice of House of Bryant's trademark rights.

## COUNT XVI:

## UNFAIR COMPETITION

89. Plaintiff hereby re-alleges and incorporates by reference the allegations of all preceding paragraphs of this Supplemental Complaint.

90. House of Bryant is the owner of the ROCKY TOP Marks.

91. Defendants have copied the Marks belonging to Plaintiff and have sought to associate their marketing efforts with the ROCKY TOP Marks in violation of 15 U.S.C. § 1125(a).

92. Defendants have done so to deceive the public in order to draw tourists, garner sales, and otherwise profits from consumers' confusion.

93. Defendants seek to benefit from the fame of the Marks and thereby obtain the benefits belonging to Plaintiff.

94. Plaintiff has been, and will be, harmed, and is entitled to monetary and equitable relief.

## COUNT XVII:

## STATE LAW UNFAIR COMPETITION

95. Plaintiff hereby re-alleges and incorporates by reference the allegations of all preceding paragraphs of this Supplemental Complaint.

96. House of Bryant is the owner of the ROCKY TOP Marks.

97. Defendants have copied the Marks belonging to Plaintiff and have sought to associate their marketing efforts with Plaintiff's Marks in violation of T.C.A. § 47-18-104.

98. Defendants have done so to deceive the public in order to profit from consumers' confusion as to the source of Defendants' goods marked with the ROCKY TOP Marks.

99. Defendants seek to benefit from the association with the ROCKY TOP Marks and thereby obtain the benefits belonging to Plaintiff.

100. Plaintiff will be harmed and is entitled to monetary and equitable relief.

## COUNT XVIII:

## STATE LAW UNFAIR COMPETITION

101. Plaintiff hereby re-alleges and incorporates by reference the allegations of all preceding paragraphs of this Supplemental Complaint.

102. Defendants have infringed House of Bryant's ROCKY TOP Marks.

103. In violation of T.C.A. § 47-18-104, Defendants have carried on unfair or deceptive trade practices, including seeking to associate the City's name and affiliated entertainment options with Plaintiff's protected ROCKY TOP Marks.

104. In violation of T.C.A. § 47-18-104, Defendants have carried on unfair or deceptive trade practices, including seeking to associate the Developer Defendants' goods and services with Plaintiff's protected ROCKY TOP Marks.

105. Such unfair and deceptive methods have been carried on by Defendants in connection with Defendants' infringing acts, including efforts to host festivals and theme parks trading on the ROCKY TOP Marks and selling goods and services under the ROCKY TOP Marks as alleged above.

106. Defendants are aware of House of Bryant's rights in the ROCKY TOP Marks and other rights, yet have chosen to proceed anyway.

107. Plaintiff has been damaged by loss of profits and goodwill.

## REQUEST FOR RELIEF

WHEREFORE, in addition to Plaintiff's Request for Relief in its Complaint (D.E.1, PAGE ID 27), Plaintiff respectfully requests this Court to enjoin Defendants from selling, licensing, or distributing any goods or services that use "Rocky Top" as a trademark.

Respectfully submitted,

**Patterson Intellectual Property Law, P.C.**

By: /s/ Ryan D. Levy
John F. Triggs (BPR # 026718)
Ryan D. Levy (BPR # 024568)
Patterson Intellectual Property Law, P.C.
Roundabout Plaza
1600 Division Street, Suite 500
Nashville, TN 37203
T: (615) 242-2400
F: (615) 242-2221
jft@iplawgroup.com
rdl@iplawgroup.com

*Attorneys for House of Bryant Publications, LLC.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 24, 2015, the foregoing document was filed with the Clerk of the Court for the U.S. District Court for the Eastern District of Tennessee using the Court's CM/ECF system, which will send notification of such filing to counsel for all parties of record.

<u>     /s/ Ryan D. Levy       </u>