# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| HOUSE OF BRYANT PUBLICATIONS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) U.S. District Court No. 3:14-cv-93<br>) (Varlan/Guyton) |
| CITY OF ROCKY TOP, TENNESSEE; ROCKY TOP TENNESSEE MARKETING AND MANUFACTURING CO.; TIM ISBEL; BRAD CORIELL; MARK SMITH; MICHAEL LOVELY; and CARL "BUDDY" WARREN, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ANSWER TO FIRST SUPPLEMENTAL COMPLAINT

The Defendant, City of Rocky Top, Tennessee, does hereby appear, by counsel, and files this Answer to Plaintiff's First Supplemental Complaint and would show as follows:

1. This Defendant hereby adopts and incorporates by reference the response to the original Complaint.

2. The allegations contained in paragraph five (5) of the First Supplemental Complaint are admitted.

3. The allegations contained in paragraph six (6) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

4. In response to the allegations contained in paragraph seven (7) of the First Supplemental Complaint, it is maintained the t-shirts referenced were sold by the county school system. The City did not participate in the sale of said shirts. The remaining allegations do not apply to this Defendant and therefore no response is required and no response is given.

5. The allegations contained in paragraph eight (8) of the First Supplemental Complaint are admitted.

6. The allegations contained in paragraph nine (9) of the First Supplemental Complaint are Admitted.

7. The allegations contained in paragraph ten (10) of the First Supplemental Complaint are admitted.

8. The allegations contained in paragraph eleven (11) of the First Supplemental Complaint are admitted.

9. The allegations contained in paragraph twelve (12) of the First Supplemental Complaint are admitted.

10. The allegations contained in paragraph thirteen (13) of the First Supplemental Complaint are denied. The City of Rocky Top does not operate a library. The library located in the City of Rocky Top is part of the Anderson County Library Board.

11. The allegations contained in paragraph fourteen (14) of the First Supplemental Complaint are denied to the extent that the City of Rocky Top does not operate a library.

12. The allegations in paragraph fifteen (15) of the First Supplemental Complaint are denied as the City of Rocky Top does not operate a library.

13. The allegations contained in paragraph sixteen (16) of the First Supplemental Complaint are denied, although it is admitted that the State of Tennessee has changed the highway exit signs to reflect the City's new name.

14. The allegations contained in paragraph seventeen (17) of the First Supplemental Complaint are denied as written. The City of Rocky Top has provided services for its residents since its founding.

15. The allegations contained in paragraph eighteen (18) of the First Supplemental Complaint are denied as written. It is, however, admitted that the City of Rocky Top hosted a July 4th celebration as it has for many years.

16. The allegations contained in paragraph nineteen (19) of the First Supplemental Complaint are admitted.

17. The allegations contained in paragraph twenty (20) of the First Supplemental Complaint are denied as written.

18. The allegations contained in paragraph twenty-one (21) of the First Supplemental Complaint do not apply to this Defendant. Therefore no response is required and no response is given.

19. The allegations contained in paragraph twenty-two (22) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

20. The allegations contained paragraph twenty-three (23) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

21. The allegations contained in paragraph twenty-four (24) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

22. Regarding the allegations contained in paragraph twenty-five (25) of the First Supplemental Complaint, any implication that the City of Rocky Top sponsored a cookie contest is denied, placed in issue and strict proof required thereof.

23. Upon information and belief, the allegations contained in paragraph twenty-six (26) of the First Supplemental Complaint are admitted.

24. Regarding the allegations contained in paragraph twenty-seven (27) of the First Supplemental Complaint, any implication that the City of Rocky Top sponsored a cookie contest is denied, placed in issue and strict proof required thereof.

25. The allegations contained in paragraph twenty-eight (28) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

26. The allegations contained in paragraph twenty-nine (29) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

27. The allegations contained in paragraph thirty (30) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

28. The allegations contained in paragraph thirty-one (31) of the First Supplemental Complaint are, upon information and belief, admitted.

29. The allegations contained in paragraph thirty-two (32) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

30. Upon information and belief, the allegations contained in paragraph thirty-three (33) of the First Supplemental Complaint are admitted.

31. Upon information and belief, the allegations contained in paragraph thirty-four (34) of the First Supplemental Complaint are admitted.

32. Upon information and belief, the allegations contained in paragraph thirty-five (35) of the First Supplemental Complaint are admitted.

33. Upon information and belief, the allegations contained in paragraph thirty-six (36) of the First Supplemental Complaint are admitted.

34. Upon information and belief, the allegations contained in paragraph thirty-seven (37) of the First Supplemental Complaint are admitted.

35. Upon information and belief, the allegations contained in paragraph thirty-eight (38) of the First Supplemental Complaint are admitted.

36. Upon information and belief, the allegations contained in paragraph thirty-nine (39) of the First Supplemental Complaint are admitted.

37. The allegations contained in paragraph forty (40) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

38. Regarding the allegations contained in Paragraph forty-one (41) of the First Supplemental Complaint, it is admitted that the City of Rocky Top has allowed tickets to be sold at its city hall for the privately sponsored Rocky Top Bluegrass Festival. Any implication that the City derived funds from the sale of said tickets is denied.

39. The allegations contained in paragraph forty-two (42) of the First Supplemental Complaint are denied as written.

40. Regarding the allegations contained in paragraph forty-three (43) of the First Supplemental Complaint, it is admitted that an altered version of the City's seal may have been used for the Rocky Top Bluegrass Festival. The City did not prepare said materials nor authorize said use.

41. The allegations contained in paragraph forty-four (44) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

42. The allegations contained in paragraph forty-five (45) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

43. The allegations contained in paragraph forty-six (46) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

44. The allegations contained in paragraph forty-seven (47) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

45. The allegations contained in paragraph forty-eight (48) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

46. The allegations contained in paragraph forty-nine (49) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

47. The allegations contained in paragraph fifty (50) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

48. In regard to the allegations contained in paragraph fifty-one (51) of the First Supplemental Complaint, it is admitted that the City of Rocky Top intends to continue using the name of the City although there are no specific recreational events planned by the City.

49. Regarding the allegations contained in paragraph fifty-two (52) of the First Supplemental Complaint, it is admitted that the City will continue to collect revenue as it has since its inception.

50. The allegations contained in paragraph fifty-three (53) of the First Supplemental Complaint are denied, placed in issue and strict proof required thereof.

51. The allegations contained in paragraph fifty-four (54) through seventy-nine (79) of the First Supplemental Complaint do not apply to the City of Rocky Top. Therefore no response is required and no response is given.

52. Paragraphs eighty (80) and eighty-one (81) of the Complaint requires no response and no response is given.

53. The allegations contained in paragraph eighty-two (82) of the Complaint are placed in issue with strict proof required thereof.

54. The allegations contained in paragraph eighty-three (83) of the Complaint are placed in issue with strict proof required thereof.

55. The allegations contained in paragraph eighty-four (84) of the Complaint are denied, placed in issue and strict proof required thereof.

56. The allegations contained in paragraph eighty-five (85) of the Complaint are denied, placed in issue and strict proof required thereof.

57. The allegations contained in paragraph eighty-six (86) of the Complaint do not apply to the City of Rocky Top. Therefore, no response is required and no response is given.

58. The allegations contained in paragraph eighty-seven (87) of the Complaint do not apply to the City of Rocky Top. Therefore, no response is required and no response is given

59. The allegations contained in paragraph eighty-eight (88) of the Complaint are denied, placed in issue and strict proof required thereof.

60. Paragraph eighty-nine (89) of the Complaint requires no response and no response is given.

61. The allegations contained in paragraph ninety (90) of the Complaint are placed in issue with strict proof required thereof.

62. The allegations contained in paragraph ninety-one (91) of the Complaint are denied, placed in issue with strict proof required thereof.

63. The allegations contained in paragraph ninety-two (92) of the Complaint are denied, placed in issue with strict proof required thereof.

64. The allegations contained in paragraph ninety-three (93) of the Complaint are denied, placed in issue with strict proof required thereof.

65. The allegations contained in paragraph ninety-four (94) of the Complaint are denied, placed in issue with strict proof required thereof.

66. Paragraph ninety-five (95) of the Complaint requires no response and no response is given.

67. The allegations contained in paragraph ninety-six (96) of the Complaint are placed in issue with strict proof required thereof.

68. The allegations contained in paragraph ninety-seven (97) of the Complaint are denied, placed in issue with strict proof required thereof.

69. The allegations contained in paragraph ninety-eight (98) of the Complaint are denied, placed in issue with strict proof required thereof.

70. The allegations contained in paragraph ninety-nine (99) of the Complaint are denied, placed in issue with strict proof required thereof.

71. The allegations contained in paragraph one hundred (100) of the Complaint are denied, placed in issue with strict proof required thereof.

72. The allegations contained in paragraph one hundred-one (101) of the Complaint require no response and no response is given.

73. The allegations contained in paragraph one hundred two (102) of the Complaint are denied, placed in issue with strict proof required thereof.

74. The allegations contained in paragraph one hundred three (103) of the Complaint are denied, placed in issue with strict proof required thereof.

75. The allegations contained in paragraph one hundred four (104) of the Complaint are denied, placed in issue with strict proof required thereof.

76. The allegations contained in paragraph one hundred five (105) of the Complaint are denied, placed in issue with strict proof required thereof.

77. The allegations contained in paragraph one hundred six (106) of the Complaint are denied, placed in issue with strict proof required thereof.

78. The allegations contained in paragraph one hundred seven (107) of the Complaint are denied, placed in issue with strict proof required thereof.

79. Any allegation not heretofore admitted, denied or otherwise explained are here and now denied as if fully set forth herein.

80. The Defendant reserves the right to amend its answer upon the ascertainment of additional information.

81. This Defendant affirmatively asserts that the Plaintiff is barred in recovery from tort against Defendant City of Rocky Top inasmuch as this Defendant and/or its employees were performing discretionary functions.

82. This Defendant affirmatively asserts that it is immune by virtue of sovereign immunity.

83. This Defendant affirmatively asserts that it is immune by virtue of governmental immunity.

84. This Defendant affirmatively asserts that it is immune by virtue of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, et seq.

85. This Defendant affirmatively asserts that Plaintiff's claims are barred in whole or part by the doctrines of estoppel and/or waiver.

86. This Defendant affirmatively asserts that Plaintiff's claims are barred in whole or part because they violate the First Amendment to the United States Constitution.

87. This Defendant affirmatively asserts that Plaintiff's claims are barred in whole or part by the doctrine of fair use.

88. This Defendant affirmatively asserts that the Plaintiff lacks standing to bring claims against this Defendant because the Plaintiff has not suffered any injury due to any alleged actions on the part of this Defendant.

89. This Defendant affirmatively asserts Plaintiff's Complaint should be dismissed in its entirety, because it seeks an impermissible advisory opinion regarding the legality of actions that may or may not be taken by Rocky Top.

90. This Defendant affirmatively asserts that the Lanham Act does not apply to the facts alleged in the Complaint related to the City of Rocky Top, because there are no allegations that the City of Rocky Top intends to use Plaintiff's alleged trademark in commerce.

91. This Defendant affirmatively asserts that any use of the name Rocky Top in connection with services provided by the City constitutes a fair use as a geographic description.

92. The court should dismiss this Complaint and award this Defendant its expenses, including reasonable attorney's fees.

RESPECTFULLY submitted this 14th day of May, 2015.

CITY OF ROCKY TOP, TENNESSEE

By: /s/Nathan D. Rowell, BPR No. 017545
NATHAN D. ROWELL, BPR NO. 017545
EMILY A. CLEVELAND, BPR NO. 027157
Attorneys for Defendant
WATSON, ROACH, BATSON,
ROWELL & LAUDERBACK, P.L.C.
Attorneys at Law
P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 14, 2015 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

| | |
|---|---|
| John F. Triggs<br>Ryan D. Levy<br>Scott M. Douglass<br>PATTERSON INTELLECTUAL<br>PROPERTY LAW, P.C.<br>Roundabout Plaza, Suite 500<br>51600 Division Street<br>Nashville, Tennessee  37203 | C. Mark Troutman<br>TROUTMAN & TROUTMAN, PC<br>124 Independence Lane<br>P.O. Box 757<br>LaFollette, Tennessee 37766 |
| Mark S. Graham<br>THE GRAHAM LAW FIRM, PLLC<br>507 S. Gay Street, Suite 1230<br>Knoxville, Tennessee  37902 | Raymond E. Scott<br>WARNER, NORCROSS & JUDD, LLP<br>234 Tecumseh Way<br>Loudon, TN  37774 |
| C. Mark Warren<br>WARREN & GRIFFIN, P.C.<br>136 Georgia Avenue – Suite 600<br>Chattanooga, Tennessee  37402 | Robert E. Pitts<br>Jacob G. Horton<br>Raymond E. Stephens<br>Andrew C. Lake<br>PITTS & LAKE, P.C.<br>P.O. Box 51295<br>Knoxville, Tennessee 37950-1295 |

       Dated this 14th day of May, 2015.

       /s/Nathan D. Rowell, BPR No. 017545
NATHAN D. ROWELL, BPR NO. 017545
Attorney for Defendant
WATSON, ROACH, BATSON,
ROWELL & LAUDERBACK, P.L.C.
Attorneys at Law
P.O. Box 131
Knoxville, Tennessee  37901-0131
(865) 637-1700